**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JEAN B. GERMAIN *

Plaintiff *

v * Civil Action No. JFM-15-1421

WARDEN FRANK BISHOP, JR., *
BRUCE A. LILLER,
WILLIAM BEAMAN, and *
JANEATTE SIMMONS
*
Defendants

***

**MEMORANDUM**

The above-captioned civil rights case was filed, together with motions for leave to proceed in forma pauperis and for preliminary injunctive relief. Plaintiff is the subject of an order requiring administrative closure of newly filed complaints in the event plaintiff already has an open, active case. *See Germain v. Shearin*, Civil Action JFM-13-2267 (D. Md.). Currently, plaintiff has one active case[1] and three cases which were administratively closed[2] pursuant to the aforementioned order. In plaintiff's active case, this court granted preliminary injunctive relief during the pendency of that litigation requiring plaintiff's assignment to a single-cell. *See id*. at ECF 16. A substantive response to plaintiff's allegations that he has been inappropriately housed in a cell with other inmates who presented a threat of harm to him is due in June of 2015.

In the instant case plaintiff alleges that he is assigned to disciplinary segregation where he has been housed since January of 2015, following disciplinary proceedings finding him guilty of assaulting staff and "breaching the food slot" in his cell door. ECF 1. He states he is on "cell

---

[1] *See Germain v. Miller, et al.* Civil Action JFM-15-349 (D. Md.).

[2] *See Germain v. Oakley*, Civil Action JFM-14-1526, *Germain v. Watson*, Civil Action JFM-14-1800, and *Germain v. Hasselbach*, Civil Action JFM-14-2729.

restriction" and is only allowed one hour of outdoor exercise per week and two, fifteen minute showers a week. *Id*. at p. 3. Plaintiff alleges that a correctional officer, not named as a defendant in the complaint, sexually assaulted him on March 4, 2015.[3] He claims that since this occurrence he has suffered nightmares and his efforts to be seen by psychology staff have been unsuccessful.

Plaintiff alleges that the conditions under which he is confined have been imposed without benefit of due process and that his serious need for psychiatric treatment has been ignored. He seeks an order from this court requiring defendants to allow him to have five hours of exercise per week; prohibiting correctional staff from ignoring medical orders for double cuffing; and requiring treatment from psychology and psychiatry staff. ECF 1 at pp. 5 – 6.

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Plaintiff's allegation he was denied due process is belied by his statement that his current housing assignment is the result of disciplinary proceedings. To the extent his complaint seeks this court's review of those proceedings, he is unlikely to succeed. Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502

[3] Although plaintiff submits a sworn declaration in support of his complaint, he does not include in that declaration the assertion that he was sexually assaulted by a correctional officer. ECF 1 at pp. 7 – 11. An attached mental health report describes the alleged assault that plaintiff reported as "the pepper spray container was placed in his rectal area and he was sprayed in the rectal area." ECF 1-1 at p. 1.

F.Supp. 1371, 1376 (E.D.Va.1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir.1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy.

Additionally, the conditions imposed as a result of the disciplinary proceedings pass constitutional muster unless plaintiff can show those conditions exceed "the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483– 84 (1995). In *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) this standard was applied to allegations that confinement to administrative segregation for six months in "cells [that] were infested with vermin; were smeared with human feces and urine; and were flooded with water from a leak in the toilet on the floor above." The court held that those conditions did not implicate a liberty interest in avoiding administrative segregation because they did not represent a significant hardship. *Id*. Thus, plaintiff's claim that one hour of outdoor exercise a week is constitutionally impermissible is weak at best.

Plaintiff's claim that psychology staff have been deliberately indifferent to his serious need for treatment is also belied by the complaint. ECF 1 at pp. 8 – 9. Plaintiff states he was seen by a psychology associate on April 22, 2015, but she has yet to "follow up" with plaintiff. *Id*. at p. 9. To the extent there has been a delay *after* plaintiff's initial assessment, his claim is one of disagreement with the perceived urgency of his need. Plaintiff's belief he requires assignment to the Special Needs Unit, despite his lengthy disciplinary segregation sentence, is also a disagreement with assessments made by prison officials and one which this court may not

second guess. "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985), citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3rd Cir. 1970). There are no exceptional circumstances discernible from the face of the complaint.

Plaintiff's motion for preliminary injunctive relief will be denied, the motion for leave to proceed in forma pauperis shall be provisionally granted subject to assessment of fees at a later date, and this case will be administratively closed and a copy of the complaint shall be provided to counsel pursuant to this court's previous order.

While this court shall not absolutely foreclose or enjoin plaintiff from initiating an action, it can and will limit the number of active cases filed by plaintiff to ensure that process is available to him without taxing the time and resources of the court or hindering the court from fulfilling its constitutional duty. Thus, the instant case shall be administratively closed until such time as plaintiff has no other active pending cases before this court.

Defendants shall be notified when the suit is placed on the active docket. Furthermore, given the frequency of personnel changes within the correctional system defendants, through the Office of the Attorney General, may in the future contact this court regarding any development which would impact on the ability of this court to effectuate future service of process on defendants listed in this case.

A separate order follows.

May 29, 2015
Date

/s/
J. Frederick Motz
United States District Judge